SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh (SBN 193525)
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

INDRAJANA LAW GROUP, A PROFESSIONAL LAW CORPORATION
Michael B. Indrajana (SBN 258329)
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 597-0928
Email: michael@indrajana.com

Attorneys for Plaintiff The Cookie Department, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE COOKIE DEPARTMENT, INC.,** a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> **THE HERSHEY COMPANY,** a Delaware Corporation; **HERSHEY CHOCOLATE & CONFECTIONERY LLC,** A Delaware Limited Liability Company; AND DOES 1 TO 50, INCLUSIVE. <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff The Cookie Department Inc. ("TCD"), by and through its undersigned counsel, as and for its Complaint against Defendants, The Hershey Company and Hershey Chocolate & Confectionary LLC (collectively, "Hershey"), hereby alleges as follows:

## INTRODUCTION

1. Plaintiff The Cookie Department Inc. ("TCD") seeks protection against what appears to be a retaliatory threat of trademark litigation by Defendants The Hershey Company and Hershey Chocolate & Confectionery LLC (collectively, "Hershey"). Specifically, Hershey seeks to prevent TCD from continuing to offer its goods using a stylized chocolate chip teardrop imagery ("Chocolate Chip Image"), which TCD has used since at least as early as 2009 and which Hershey now belatedly, eleven years after the fact, claims is infringing Hershey's trademark and trade dress, and conical configuration (collectively, the "Kisses Marks"). Hershey has never claimed infringement or issued a demand or cease and desist until now, during the pendency of TCD's infringement suit against Hershey for alleged infringement of TCD's TOUGH COOKIE® mark, which suit was filed on December 23, 2020 before presiding Magistrate Judge Hon. Kandis A. Westmore (see *The Cookie Department, Inc. v. The Hershey Company, et al.*, Case No. 4:20-cv-09324-KAW). Two weeks before a scheduled, long-awaited mediation and after Hershey was made aware that TCD engaged experienced experts who have evaluated and confirmed significant damages caused by Hershey's alleged infringement of TCD's TOUGH COOKIE® mark, Hershey now purports to suddenly have a basis to claim infringement and other causes of action against TCD despite the fact that: (i) TCD is not using any mark or symbol except the universally known depiction of a chocolate chip (TCD has no line of cookie that uses Hershey's Kisses or the Kisses Marks) and (ii) TCD has never sold chocolates or candies, but exclusively makes cookies including chocolate chip cookies. Despite this, Hershey issued not one but two "demand" letters and has notified TCD in writing of its tenuous allegations and has

threatened to sue TCD. TCD maintains that this is a strategic ploy with little to no merit, and the Court should enter a judgment that TCD has not violated Hershey's rights.

2. At its core, despite the long history of Hershey's Kisses product line, the Kisses Marks are inherently weak trademarks because the design and shape of the Hershey Kisses are substantively identical to the universal teardrop shape of chocolate chips or baking chips, commonly desired ingredients used worldwide for more than 80 years. Specifically, the teardrop shaped chocolate chips and baking chips are commonly made by dropping liquified chocolate mixture into a baking tray, and the final shape of the chips will naturally and organically, as a result of the chemistry and physics at play in the production of the chips themselves, resemble a hardened teardrop shape when the liquid chocolate drop hardens at room temperature.[1]

## THE PARTIES

3. At all relevant times, Plaintiff The Cookie Department, Inc. ("TCD") was and is a California Corporation and is authorized to do business and is doing business in the State of California, in various counties in the State of California. Plaintiff has offices in Berkeley, California, County of Alameda and Portland, Oregon.

4. At all relevant times, Defendant The Hershey Company is, and at all relevant times was, a Delaware Corporation with its headquarters and principal place of business at 19 East Chocolate Avenue, Hershey, Pennsylvania 17033. On information and belief, Hershey's is engaged worldwide in the production, advertisement, and sale of chocolates, candies, and other snacks, as well as a range of other food products. At all relevant times, Defendant Hershey Chocolate & Confectionery LLC is, and at all relevant

---

[1] The process and techniques to make teardrop shaped chocolate chip are commonly known since its introduction in the 1940s by Nestle, and numerous recipes and videos show how even home bakers can make chocolate chips from standard milk chocolate bars. An example of this process can be seen in this short video: https://www.youtube.com/watch?v=OCmU2fCVJVo- last accessed August 30, 2021.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

INDRAJANA LAW GROUP
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

times was, a Delaware Limited Liability Company with its principal place of business at 8001 Arista Place, Suite 430, Bromfield, CO 80021 (collectively, "Hershey").

5. Plaintiff does not know the true names and capacities, whether individual, entities, agents, affiliates, subsidiaries, or otherwise, of Defendants DOES 1 through 50, and therefore designates those Defendants by such fictitious names. Each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and proximately caused the injuries suffered by the Plaintiff.

## NATURE OF THIS ACTION; JURISDICTION AND VENUE

6. Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et. seq. (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

7. This Court has personal jurisdiction over Hershey because Hershey, on information and belief, conducts business in the State of California and within this district, including direct retail sales of its products in California retail stores, entering into contracts with California corporations, and the advertising and sale of its products through the Internet to California residents.

8. Venue is proper in this Court because pursuant to 28 U.S.C. § 1391(b) and 1391(c).

9. An actual case or controversy has arisen between the parties. Hershey has threatened litigation against TCD, and has asserted that TCD's use of the Chocolate Chip Image constitutes trademark infringement. These statements threaten injury to TCD.

## GENERAL ALLEGATIONS

The following allegations are set forth based on knowledge to date, but may be amended as needed:

**TCD's Business and Brand History.**

10. TCD is engaged in the development, production, advertising, and sale of cookie products, and has been doing so since 2009. TCD was founded by Chef Akiva Resnikoff in 2009 in Berkeley, California.

11. Since the very beginning of the Company, TCD has exclusively sold cookie products and has never sold any chocolate or confectionary products. To date, TCD has not sold any products that directly compete with Hershey's Kisses product line, and none of the cookie products sold by TCD can be confused by consumers, or anyone for that matter, with the Hershey's Kisses product line. TCD's current offerings include soft-baked keto friendly cookies and its classic FULLY FUNCTIONAL COOKIES® product lines. TCD has never sold, and does not sell, any chocolate candy products, chocolate bars, or any other chocolate products that directly or indirectly competes with Hershey's Kisses.

**The Present Dispute.**

12. On December 23, 2020, TCD filed a trademark infringement lawsuit against The Hershey Company and ONE Brands LLC, alleging that both companies are and were infringing TCD's TOUGH COOKIE® registration in connection with ONE Brands' ONE Bar Chocolate Chip Cookie Dough Flavored Protein Bar in which the packaging and marketing materials for the Protein Bar uses the term "TOUGH COOKIES ONLY." The lawsuit is currently pending before the U.S. District Court in the Northern District of California. Discovery and investigations to date have revealed that Hershey became aware of the TCD TOUGH COOKIE® pending application and trademark rights but still wilfully and knowingly chose to market and distribute the ONE Bar Chocolate Chip Cookie Dough Flavored Protein Bar with the slogan "TOUGH COOKIES ONLY" figured prominently next to a bar that resembles a chocolate chip cookie. Hershey expressed interest in early settlement of the dispute, and this was reflected and memorialized in the Court's pretrial and trial schedule, including a recent stipulation approved by the Court on June 22, 2021 that extended the time for the parties

to make a good faith effort to resolve claims. A full day mediation is scheduled to occur on September 16, 2021, and Defendants are aware that Plaintiffs have been aggressively investigating their conduct, have sought to depose certain key executives and conduct Rule 30(b)(6) depositions, and have engaged a first tier economic group known for its work on infringement damages to analyze the significant scope of damages associated with the use of the TOUGH COOKIE® mark.

13. Against this backdrop, on August 28, 2021, Hershey received a letter from Keyonn Pope, an attorney at Riley Safer Holmes & Cancila LLP ("RSHC"), counsel to Hershey. A copy of that letter is attached hereto as **Exhibit 1**. Mr. Pope, with whom counsel for TCD have interacted over many months and who has never raised these issues before, now claims, on the eve of an all day, long awaited mediation, that Hershey is the owner of the conical configuration of a candy with an upwardly pointing tip, with and without the plume (the "KISSES Product"), and said KISSES Product is subject of numerous trademark registrations before the United States Patent and Trademark Office.

*14.* In what appears to be a draft complaint attached to its demand, Hershey alleges with no legitimate basis that TCD's use of an unrelated Chocolate Chip Image is infringing on its trademark registrations.

15. TCD uses a tiny Chocolate Chip Image within its artwork for its company logo as follows:



This logo has been used by TCD since 2009. The Chocolate Chip Image, which is the classic "teardrop" chocolate chip shape associated with the manner of production of chocolate chips, is used to represent chocolate chips, not Kisses, on a stylized image of a dozen cookies on a baking tray. The individual Chocolate Chip Image is very small and

in a typical TCD packaging, and in fact is less than 0.5 mm x 0.5 mm in overall size per individual Chocolate Chip Image present on the logo. TCD also uses the Chocolate Chip Image as a geographical marker in its store locator page.



*A photograph of TCD's packaging depicting the size of logo relative to a person's hand.*

**A Comparison of Baking Chips to The Kisses Mark.**

16. An example of a publicly available image depicting the actual teardrop shape of chocolate chips can be seen as follows[2]:



---

[2] Source: https://en.wikipedia.org/wiki/Chocolate_chip - last accessed on August 30, 2021.

17.     Indeed, this image of chocolate chips has been extensively and universally used across the industry by dozens of manufacturers, amateur bakers, and individuals since chocolate chips came to existence in the 1940s.  Historically, the ubiquitous image was not created by design, but in fact reflects the actual physical and chemical manner by which the chips are created.  On information and belief, the teardrop shape of chocolate chips (note the shape at the bottom left of the image) was introduced by Nestle in the 1940s[3]:



18.     The teardrop shape of the chocolate chips result from (i) the inherent physical property of a liquid chocolate drop falling through a gas whereby the drop will naturally take the form of a teardrop (with a pointy end in its upper side)[4]; and (ii) the relatively low melting point of chocolate mixtures between 86 degrees F and 90 degrees F[5], such that a chocolate chip will retain the teardrop shape with a rounded flat bottom

---

[3] Source: https://www.newspapers.com/clip/509803/the-chocolate-that-made-toll-house/ - last accessed on August 30, 2021.

[4] Pitter, et al. A Semi-Empirical Determination of the Shape of Cloud and Rain Drops. Journal of the Atmospheric Sciences, Vol. 28: Issue 1. Jan 1, 1971. URL: https://journals.ametsoc.org/view/journals/atsc/28/1/1520-0469_1971_028_0086_asedot_2_0_co_2.xml (last accessed on August 30, 2021)

[5] Source: https://www.theculinarypro.com/chocolate-melting-tempering - last accessed on August 30, 2021.

resembling the flat surface where the liquid chip is dropped (i.e., a baking tray or a conveyor belt) and quickly solidify at external or room temperature.[6]

19. The shape and image of the teardrop chocolate chip is so ubiquitous that many cartoon/illustrative rendition of chocolate chips follow the standard teardrop shape of baking chips. In the context and manner they are used and depicted, chocolate baking chips are distinct from Kisses, smaller in size, different in use, and even shaped differently.

20. Thus, there is a well-established history of consumer use and recognition of the teardrop shaped chocolate chip such that, by now, consumers are intimately familiar with the teardrop chocolate chip shapes. The shapes depicting such chips are smaller and always understood to be tiny morsels of chocolate used for baking—very different in appearance, substance, form and meaning from the much larger Hershey Kisses and Kisses Marks used to denote quarter size pieces of candy that can be eaten in one bite.

21. As such, against this backdrop, TCD's usage of the baking chip image in its packaging and logo designs are visual representations of baking chips, and such representations appear strictly in the context of how chocolate chips are used in chocolate chip cookies and other cookie products. TCD's use of the Chocolate Chip Image clearly references the physical size and shape of chocolate chips and baking chips, and this usage is within the universal use and understanding of chocolate chips and baking chips in the baking and confectionary industry. Indeed, given the fact that teardrop shaped chocolate chips imagery has been used for more than 80 years to depict chocolate chips in cookies and other baking goods, TCD's usage of the Chocolate Chip Image is not infringing Hershey's Kisses Marks. It is furthermore believed that Hershey

---

[6] Source: https://www.nutmachines.com/line/chocolate-chips-making-machine.html - last accessed on August 30, 2021.

brought this action in bad faith, on the eve of mediation, with improper purpose, and TCD reserves all rights as such for post judgment or other relief.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment for Non-Infringement of Hershey's Trademarks and Trade Dress Under the Lanham Act, 15 U.S.C. § 1051 et seq.)**

22.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

23.     Hershey has claimed that TCD's use of the Chocolate Chip Image constitutes trademark infringement, and has threatened to bring a lawsuit against TCD on this basis. TCD contends that these allegations are frivolous and were brought to obtain leverage during pending litigation where TCD has alleged willful and significant infringement by Hershey against TCD's TOUGH COOKIE® mark.

24.     An actual, present, and justiciable controversy has arisen between TCD and Hershey concerning TCD's right to use the Chocolate Chip Image as part of its packaging and website.

25.     TCD seeks declaratory judgment from this Court that its use of the Chocolate Chip Image does not constitute trademark infringement, and reserves the right to seek post judgement relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court declare and that a judgment be entered as follows:

1.     Enter judgment according to the declaratory relief sought;

2.     Award TCD its costs in this action;

3.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, TCD hereby demands a jury trial on all issues so triable.

Respectfully Submitted,

DATED: August 31, 2021            SANJIV N. SINGH, A PROFESSIONAL LAW
                                  CORPORATION

                                  /s/ Sanjiv N. Singh
                                  Sanjiv N. Singh, Esq.

                                  INDRAJANA LAW GROUP,
                                  A PROFESSIONAL LAW CORPORATION

                                  /s/ Michael B. Indrajana
                                  Michael B. Indrajana, Esq.
                                  Attorneys for The Cookie Department, Inc.